UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL RAMOS ESCOBAR,

Petitioner,

v. Case No. 2:26-cv-2925-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, *et al.*,

Respondents.
_________________________________/

**ORDER**

Petitioner Miguel Ramos Escobar has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.) He argues that his detention violates the Fifth Amendment and asks this Court to order his immediate release. (Doc. 1.)

Escobar first argues that he is entitled to release because his detention has become unconstitutionally prolonged. The Court cannot agree. Escobar's "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026). Escobar has appealed his removal order, so the removal proceedings are not yet final.

Escobar turns next to the procedural mechanics of his re-detention. (Doc. 1 at 6.) He claims that ICE's decision to revoke his supervision violated the Fifth Amendment's guarantee of procedural due process. (*Id.*) But

Escobar was not previously released on supervision. He was released on his own recognizance, the revocation of which is subject to different regulations that permit entirely discretionary revocation. In the context of revoking a non-citizen's release, as here, ICE's regulations allow revocation at any time at the Government's discretion. *See* 8 C.F.R. § 236.1(c)(9). This discretion stands unrebutted by Escobar, so his procedural due process claim fails.

But Escobar is entitled to a bond hearing. This Court has concluded that aliens who are stopped at the border and released into the country, like Escobar, fall under 8 U.S.C. § 1226 and are entitled to a bond hearing. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026); *see Jean v. Ripa*, No. 2:26-cv-1390-KCD-NPM, 2026 WL 1429343, at *3 (M.D. Fla. May 21, 2026).

Escobar requests his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Escobar is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the

Government to provide Escobar with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. Within ten days of this order, the Government shall either bring Escobar for an individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026); *Tejada v. Powell*, No. 7:26-CV-01111-MHH-NAD, 2026 WL 2240991 (N.D. Ala. July 29, 2026). Although the Government argues Escobar has not exhausted his administrative remedies, the Court will waive that requirement here because its position is not to provide hearings where it bears the burden of proof. So exhaustion would be superfluous. The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on November 19, 2026.

Kyle C. Dudek
United States District Judge